IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

RODNEY S. GREEN, #203949              *
      Petitioner
    v.                                        *   CIVIL ACTION NO. AMD-05-3200

WARDEN WILLIAM WILLIAMS, et al.,  *
      Respondents
                                            ***

MEMORANDUM

On October 5, 1999, this court received a 28 U.S.C. § 2254 petition for writ of habeas corpus attacking petitioner's 1989 convictions in the Circuit Court for Baltimore City. *See Green v. Moats, et al.*, Civil Action No. AMD-95-2988 (D. Md. 1995). The petition was denied on September 9, 1996. The United States Court of Appeals for the Fourth Circuit denied a certificate of appealability and dismissed the appeal on February 27, 1997.

On November 28, 2005, petitioner filed a petition for writ of habeas corpus, accompanied by a motion to relate his petition "back to the original proceedings." The underlying petition is filed pursuant to 28 U.S.C. §§ 1651 and 2241(a). Petitioner again attacks his 1989 conviction, asserting that his rights were violated, and alleging: (1) effective assistance of trial and appellate counsel; (2) a jury verdict that did not properly examine justification and mitigation; and (3) the state's failure to prove every element of the crime beyond a reasonable doubt. Paper No. 1.

To the extent that petitioner is seeking habeas corpus review of his convictions and sentence in this court, habeas relief shall not issue. As noted, petitioner's previous habeas attack on his 1989 convictions was denied and dismissed with prejudice. The instant petition is plainly a successive one which this court cannot review without authorization from the Fourth Circuit under 28 U.S.C.

§ 2244(b)(3)(A)[1]. Petitioner may not circumvent the "gatekeeper" rule under § 2244(b) by seeking to invoke this court's jurisdiction under 28 U.S.C. §§ 1651 and 2241(a).[2] His motion to relate this case back to his earlier habeas filing, which was dismissed in 1996, shall be denied.

For the foregoing reasons, the instant petition shall be dismissed without requiring an answer from respondents. A separate Order follows.


Filed: December 19, 2005                          _/s/_____
                                                  Andre M. Davis
                                                  United States District Judge

---

[1] A petitioner may file a second or successive habeas corpus petition only if he or she has moved the appropriate circuit court for an order authorizing the district court to consider his application. *See* 28 U.S.C. § 2244(b)(3); *Felker v. Turpin*, 83 F.3d 1303, 1305-07 (11th Cir. 1996). The circuit court must enter an order authorizing the district court to consider any new § 2254 action filed by petitioner. *See* 28 U.S.C. § 2244(b)(3)(A); *see also In re Vial*, 115 F.3d 1192, 1197-98 (4th Cir. 1997) (*en banc*).

[2] The law is well established that a § 2241 petition is intended to address the execution of a sentence rather than its validity, *i.e.*, imposition or duration. *See In re Vial*, 115 F.3d at 1194, n. 5.